IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA

v.                               CRIMINAL ACTION NO. 2:03-00279

JERRY LEE ADKINS


MEMORANDUM OPINION AND ORDER


        Pending is defendant's motion to modify sentence, filed
on June 5, 2008, pursuant to 18 U.S.C. § 3582(c)(2).  The motion
to modify sentence is based upon the November 1, 2007, amendment
to U.S.S.G. § 2D1.1, which the United States Sentencing Commission
made retroactive effective March 3, 2008.

        Section 1B1.10(b) controls a defendant's eligibility for
a reduction in sentence based upon a post-disposition guideline
amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction
> in the defendant's term of imprisonment under 18 U.S.C.
> § 3582(c)(2) and this policy statement is warranted, the
> court shall determine <u>the amended guideline range that
> would have been applicable to the defendant if the
> amendment(s) to the guidelines listed in subsection (c)
> had been in effect at the time the defendant was
> sentenced</u>. In making such determination, the court shall
> substitute <u>only the amendments listed in subsection (c)
> for the corresponding guideline provisions that were
> applied when the defendant was sentenced</u> and shall leave
> all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,

applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.

§ 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range.

. . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The February 24, 2005, Judgment reveals defendant was sentenced, inter alia, to a 188-month term of imprisonment as a career offender.  The Presentence Report reflects that defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b).[1]

_____

[1]Paragraph 17 of the presentence report ("PSR") provides as follows:

The base level for this offense is 20, in accordance with U.S.S.G. § 2D1.1(c)(10).  Pursuant to U.S.S.G. § 2D1.1, comment. (n.10), the Drug Equivalency Tables provide a means for combining differing controlled substances to obtain a single offense level.  Pursuant to the application note, all drugs are converted to their marijuana equivalency.  The defendant's relevant conduct involved a total of 2.7 grams of cocaine base, and 14.5 grams of marijuana.  The total amount of relevant conduct is 54.0145 kilograms of marijuana which results in a base level of 20.

PSR ¶ 17.  Utilizing this base offense level of 20, paragraph 23 of the PSR calculates the adjusted offense level at 20 (Id. ¶ 23).

Paragraph 24 of the PSR, however, then provides as follows:

Pursuant to U.S.S.G. 4B1.1 the defendant qualifies as a career offender.  Mr. Adkins was more than 18 years of age at the time of the instant offense.  The instant offense is a controlled substance offense.  The defendant has one prior felony of violence in which he pled guilty to unlawful wounding on April 14, 2997.  He also has a prior felony for a drug offense to which he pled guilty to on January 29, 2996.  Pursuant to 21 U.S.C. § 841(b)(1)(C), the defendant is subject to an enhanced penalty of 30 years due to his prior drug conviction.  The base offense level for the defendant

(continued...)

Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified that guideline section.  The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER:  July 7, 2009

_____
John T. Copenhaver, Jr.
United States District Judge

---

    [1](...continued)
    according to U.S.S.G. § 4B1.1(b)(B), is 34.

(Id. ¶ 24).
    Assuming defendant received a two-level reduction pursuant to the retroactive amendment, resulting in a base offense level of 18 if calculated under the revised section 2D1.1, the operation of section 4B1.1 would yet result in his base offense level then returning to 34.  See U.S.S.G. § 4B1.1 (2001) ("If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.").

3